# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2222

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Marquette Condon, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 11, 2005
Filed: January 10, 2006

_____

Before ARNOLD, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Marquette Condon appeals his conviction and sentence on two counts of aggravated sexual abuse, *see* 18 U.S.C. §§ 2241(a), 1153. Mr. Condon asserts that the evidence was insufficient to support a conviction, and that he was deprived of his sixth amendment right to cross-examination and his due process right to a fair trial. With respect to his sentence, he contends that the district court[1] erred in not granting his motion for a downward departure and that his 151-month sentence was unreasonable. We affirm the judgment of the district court in all respects.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

The victim, J.H., a minor, testified that after she and Mr. Condon returned to their neighborhood following a party, the defendant induced her to enter his trailer by lying about whether there was a bathroom there. He then forcibly restrained her, penetrated her vagina with both his fingers and penis, and attempted to force her to engage in anal and oral intercourse. Mr. Condon, through his counsel, maintained at trial, as he does on appeal, that any sexual contact between him and J.H. was consensual.

## I.

Mr. Condon argues that no reasonable person could have believed the victim's testimony and that his conviction should therefore be overturned for insufficient evidence. He contends that J.H.'s testimony that she was raped was inherently incredible because J.H. did not scream or cry out during the alleged attack and witnesses testified that she had appeared to "be positively relating" to Mr. Condon earlier in the evening. Mr. Condon also argues that the difference between J.H.'s testimony that she and others walked back to their neighborhood after the party and the testimony of other witnesses that they returned by automobile makes J.H.'s account of the later sexual abuse irrational and implausible.

Mr. Condon relies on *United States v. Chancey*, 715 F.2d 543, 546-48 (11th Cir. 1983), a case in which the court deemed the testimony of an alleged kidnap victim inherently incredible because she had numerous opportunities for escape and did not act on them and because there was no evidence of force. Here, however, there was medical evidence that J.H. suffered injuries consistent with being overpowered and forcibly penetrated. J.H. testified, moreover, that she did not call out while Mr. Condon pinned her down because she was frightened. This is decidedly dissimilar from the testimony of the supposed kidnap victim in *Chancey*, 715 F. 2d at 545, who did not ask for help from people present even when her purported kidnapper left her alone and who manifested no signs that force had been used against her.

A "verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to conclude guilt beyond a reasonable doubt. Decisions regarding the credibility of witnesses are to be resolved in favor of the jury's verdict." *United States v. Uder*, 98 F.3d 1039, 1045 (8th Cir. 1996). Because a reasonable jury could have believed J.H.'s testimony about what happened in the trailer, Mr. Condon's sufficiency-of-the-evidence claim must fail.

## II.

Mr. Condon assigns error to the district judge's actions during J.H.'s testimony and during defense counsel's cross-examination of other witnesses. At trial, the judge instructed defense counsel to question the witnesses in a direct manner without additional narrative commentary and to refrain from eliciting cumulative testimony. The judge also told J.H. to remove her hand from her mouth so that she could be clearly heard by the jury. "We review a district court's decision to limit cross-examination for an abuse of discretion, reversing only if there has been clear abuse of discretion and a showing of prejudice to the defendant." *United States v. Wipf*, 397 F.3d 677, 683 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 64 (2005). This is a difficult standard to meet because " 'trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.' " *United States v. Chauncey* 420 F.3d 864, 875 (8th Cir. 2005) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). The district court's instructions were reasonable, given the circumstances, and Mr. Condon has not shown that he was prejudiced. Nor do we see any error in the district court telling J.H. on direct examination to remove her hand from her mouth so that the jury could hear her testimony. Therefore Mr. Condon's claims on these grounds must fail.

## III.

Mr. Condon raises two matters related to his sentence, which was at the top of the range provided by the United States Sentencing Guidelines. First, he appeals the denial of his motion for a downward departure. But a district court's refusal to grant "a traditional downward departure" under the "now-advisory guideline scheme" is unreviewable. *United States v. Frokjer*, 415 F.3d 865, 874-75 (8th Cir. 2005). Mr. Condon also contends that the court erred because in passing sentence it failed to consider that he had a history of childhood abuse and did not advert to letters of support from his current and former acquaintances.

We review sentencing decisions by a district court for an abuse of discretion. *See United States v. Haack*, 403 F.3d 997, 1003-04 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 276 (2005). At sentencing, the district court must consider the "factors" set forth in 18 U.S.C. § 3553(a), determine whether a guidelines or non-guidelines sentence is most appropriate, *Haack*, 403 F.3d at 1002-03, and "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c). While the district judge did not specifically refer to Mr. Condon's history of childhood abuse or the letters of support before imposing a sentence, earlier in the sentencing proceeding he had ruled on a motion for a downward departure that was based on the abuse history and letters. In passing sentence the court discussed other aspects of "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and it specifically noted the other § 3553(a) "factors." While a failure to explicate the reason for a sentence may violate § 3553(c), *United States v. Engler*, 422 F.3d 692, 697 (8th Cir. 2005), there was no such failure here. We therefore reject Mr. Condon's contention that his sentence was imposed improperly.

_____